UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARIA BORINO,<br>      Plaintiff<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>      Defendant. | C.A. No. 12-98-M |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Defendant, the Commissioner of the Social Security Administration, moves the Court for reconsideration of its decision reversing the Commissioner's denial of disability benefits for Plaintiff Maria Borino. The Motion for Reconsideration (ECF No. 12) asks the Court to remand the case to the Commissioner for further consideration of Ms. Borino's application for disability benefits. Ms. Borino opposes the motion. (ECF No. 13.) Because the Court finds that the evidence in this case as applied to the law compel the conclusion that Ms. Borino is entitled to benefits, the Commissioner's motion is DENIED. With four significant factual errors contained in the ALJ's decision and for all of the reasons to follow, the Court finds no reason to remand this matter for further deliberations on Ms. Borino's application that is now almost five years old.

The First Circuit has cautioned that granting a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of

law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Id.* (citing *In re Sun Pipe Line Co.*, 831 F.2d 22, 24-25 (1st Cir. 1987)). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Id.* (citing *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n. 2 (1st Cir. 2005)).

In his motion, the Commissioner asks the Court to remand all issues for further administrative purposes in this case. The Court need not remand a case for further administrative proceeding, however, where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. *Seavey v. Barnhart*, 276 F.3d 1, 11 (1st Cir. 2001) (citing *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)).

The Commissioner requests consideration of the Court's decision with respect to two findings – that the ALJ did not properly weigh the medical records and treating and non-treating physicians' opinions and that the ALJ failed to provide substantial evidence in his decision to support his rejection of Ms. Borino's credibility. Because there is no new evidence on either of these matters and no manifest error of law, the Commissioner fails to raise adequate grounds for reconsideration in light of the standard articulated above.

First, the Commissioner argues that the Court should remand the case to give the ALJ the opportunity to reevaluate the non-treating and treating physicians' opinions, raising the potential that upon re-review, the ALJ might agree with the Court on the same grounds, other grounds, or might continue to deny benefits on a different ground not previously articulated. In its decision, the Court not only found that the ALJ erred in rejecting Dr. Yemeni's opinion in favor of the

non-treating physicians to which he specifically gave limited weight, but also found that Dr. Yerneni's opinion deserved "controlling weight" because it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [wa]s not inconsistent with the other substantial evidence in [the] record." *Ormon v. Astrue*, No. 11-2107, 2012 WL 3871560, at *4 (1st Cir. 2012) (quoting 20 C.F.R. § 404.1527(c)(2)). The Court finds that Dr. Yerneni's medical opinions and the medical records in evidence in this case compel a conclusion that Ms. Borino was disabled.

Second, the Commissioner takes issue with the Court's citation to the *DaRosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986) case in the context of its discussion of the ALJ's credibility determination. In that case, the Court held that in assessing credibility, the ALJ "must make specific findings as to the relevant evidence he considered in determining to disbelieve the [claimant]." *Id.* Furthermore, the applicable standard the Court faced in its decision required it to reverse the ALJ's decision on plenary review if it found that the ALJ applied incorrect law or if the ALJ failed to provide the court with sufficient reasoning to determine that he or she properly applied the law. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (*per curiam*), accord *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In light of these two principles, the Court found that the ALJ failed to provide sufficient reasoning for his decision on Ms. Borino's credibility. While the Court may have miscited *DaRosa*,[1] it is immaterial for the purposes of its decision in this case because the Court did not summarily accept Ms. Borino's pain testimony as true in finding that the ALJ's credibility

---

[1] The following cases stand for the proposition asserted: *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Flowers v. Comm'r of Soc. Sec.*, 441 Fed. App'x 735, 743 (11th Cir. 2011); *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

determination was flawed and based on factual errors and insufficient reasoning. The Court found that:

> the ALJ based its credibility determination on incorrect, incomplete, and/or insubstantial evidence in the record. If the ALJ disregarded the incorrect facts and second-hand and incomplete reports on the impact Ms. Borino's condition and pain has on her daily activities, he would have been left to consider Ms. Borino's first-hand, handwritten statements about her intense pain and desperation and her hearing testimony where she discussed her lifelong back pain and depression resulting from that pain. After reviewing those statements, the Court finds them to be persuasive indeed.

*Borino v. Astrue*, C.A. No. 12-98-M, 2013 WL 222087, at *6 (D.R.I. Jan. 18, 2013). The Court conducted a thorough review of the voluminous record and heard argument on all issues in this case, including credibility. Its conclusions that the ALJ failed to make specific findings of relevant evidence that he used to render Ms. Borino incredible and that Ms. Borino gave a credible account of her pain are sound and were not the result of a manifest error of law. Thus, reconsideration is denied.

Moreover, the Commissioner advocates that *because* the ALJ made factual errors in determining credibility, more administrative action in the form of a remand is appropriate. The Court disagrees. Of the four points that the ALJ relied on to determine the credibility of her pain assessment,[2] *three of these points were factually inaccurate*. In fact, the Court found that Ms. Borino was treating for depression and had discontinued treatment with an orthopedic specialist because she lacked insurance. Additionally, the ALJ wrongly attributed a more ambitious daily activity report to Ms. Borino when it was completed by a psychologist and furthermore failed to note in his report that Ms. Borino reported to that psychologist that the household chores she may undertake "are limited secondary to her chronic pain issues." After

---

[2] They are 1) Ms. Borino's testimony at her hearing where she discusses her daily activities, 2) the August 2009 statement about her daily activities, 3) her failure to treat with an orthopedic specialist recent to the time of her application, and 4) her failure to treat for her depression.

4

reviewing the ALJ's decision and the record on which it was based, the Court found that the decision lacked substantial support in the record. Upon this additional review at the Commissioner's request for reconsideration, the Court finds that these factual errors are not ones that need revisiting on remand because the true facts have come to light and there is no contrary evidence in the record. Those facts support a determination of credibility and an award of damages.

The Court found, and continues to find, that "the evidence and law compel[s] one conclusion," that is that Ms. Borino is disabled and that "the proof [of her disability] is very strong." *Seavey*, 276 F.3d at 11. Therefore, the Court DENIES the Commissioner's Motion for Reconsideration. (ECF No. 12.)

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

March 15, 2013